|102 493|
|174 508|
| 102 493
| 25 SC 385

## Steckel, Administrator, *versus* Koons:

1. Where in a partition in the Orphans' Court an heir accepts a purpart charged with a sum of money, the interest of which is payable to decedent's widow in lieu of dower, and the principal thereof, on the widow's death, is payable in equal shares to the decedent's children, the interest of said acceptant in said principal sum is paid and extinguished by operation of law.

2. Where a son of the decedent takes a conveyance from another of the decedent's heirs of land so charged, without reservation, the interest of both the vendor and vendee in the principal sum so charged is paid by operation of law.

3. A judgment recovered against such acceptant or vendee, during the lifetime of the widow of the decedent, binds his entire estate and interest in the land, and a sheriff's sale thereunder passes the same to the purchaser, free from any right by the judgment debtor to claim out of the land, upon the death of said widow, any part of the principal sum originally charged thereon.

March 5th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of July Term 1882, No. 155.

Debt, by Thomas Steckel, administrator of John H. Romig, against David Koons, to recover a distributive share of the principal sum charged on certain lands, as the dower interest of the widow of John H. Romig Sr. during her life, and payable on her death to the children of John H. Romig, Sr., of whom the plaintiff's intestate was one. Plea, nil debet.

On the trial, before ALBRIGHT, P. J., the plaintiff's evidence showed the following facts:—In the partition of the real estate of John H. Romig Sr. in the Orphans' Court, in 1845, said real estate was divided into two purparts, one of which was accepted at the valuation by John H. Romig, Jr.,.charged with the sum of $3758.25, and purpart No. 2 was accepted by David Gackenbach and May his wife, née Romig, charged with the sum of $659.61, the interest on said sums so charged on the land, to be paid to the widow of John H. Romig, Sr. for life, and on her death the principal to be divided between his children. Subsequently the said Gackenbach and wife conveyed purpart No. 2, subject to said charge, to said John H. Romig, Jr., whereby both purparts became vested in him. Under a judgment afterwards recovered against him both tracts were sold at sheriff's sale, as his property, in 1851, to the defendant David Koons, and a sheriff's deed was duly acknowledged to him therefor. John H. Romig, Jr., afterwards died, and letters of administration on his estate were granted to the plaintiff. Upon the

death of the widow of John H. Romig, Sr., in 1880, the plaintiff brought this action to recover the share of John H. Romig, Jr., deceased, in the said principal sums so as aforesaid charged on said, tracts, said share amounting to the sum of $1,472.62.

At the close of the plaintiff's case, the court, on motion of defendant, entered a compulsory non-suit, which the court subsequently refused to take off, ALBRIGHT, P. J., delivering the following opinion :

" It is contended that because the 41st section of the Act of 29th March, 1832, provides, that on the death of the widow the principal sum which remains charged during her lifetime to secure her annual interest, shall be paid to the person legally. entitled thereto, and because the widow of John Romig, Sr., died after the land had been sold by the sheriff, as the property of John H. Romig, that therefore the interest of John H. Romig in said thirds remained charged on the land, and the defendant, who is the sheriff's vendee, is liable in this action. The interest of John H. Romig in the tract accepted by him became an estate in the land ; he was not a debtor to himself for a debt due at the decease of the widow : Erb *v.* Huston, 6 H. 369 ; Reigle *v.* Seiger, 2 P. & W. 340.  The judgment on which the sheriff's sale was had bound his entire interest in the land, and that by virtue of the sheriff's deed became vested in the defendant.

" Another tract sold by the sheriff had been accepted by Mrs. Gackenbach, a daughter of John Romig, Sr.  In the thirds charged on the tract, John H. Romig had an interest.  By virtue of the acceptance he became entitled to receive his share of the thirds at the widow's death.  It was a chose in action, a debt payable in future.  When Mrs. Gackenbach and her husband transferred the title to that tract to John H. Romig, the interest of the latter was paid by operation of law.

" In Updegrove *v.* Updegrove, 1 Barr 136, the acceptant, when he conveyed, expressly reserved his share in the thirds. In other words, he sold the land charged with the payment of a certain sum.  In Dech *v.* Gluck, 11 Wright 403, the whole thirds remained upon the land by specific mention in the conditions fixed by the Orphans' Court upon a sale of the land as the property of the deceased acceptant.  For those reasons only was it held that the acceptant or his representatives had. an interest in the thirds charged during the widow's lifetime.

" The Court remains of the opinion that the plaintiff is not entitled to recover."

The plaintiff thereupon took this writ of error, assigning. for error the refusal of the court to take off the non-suit.

*John Rupp* (*J. B. Deshler* with him), for the plaintiff in

[Steckel *v.* Koons.]

error.—Under the Act of March 29th 1832 (Purd. Dig. 437, pl. 158) the interest of the widow in this case was realty, but the interest of the heir in the principal charged on the land in lieu of dower, after the widow's death, was personalty. Therefore, by the acceptance by an heir of a portion of the land charged, and by the subsequent conveyance to him of other land so charged, there was no merger of his personalty interest in said principal sum in his estate in the land : Schall's Appeal, 4 Wr. 170 ; Gourley *v.* Kinley, 16 P. F. S. 270 ; Miller *v.* Leidig, 3 W. & S. 458 ; Dickinson *v.* Beyer, 6 Norris 274 : Kurtz's Appeal, 2 Casey 465 ; Ebbs *v.* Commonwealth, 1 Jones 374 : 2 Black. Comm. 177 ; 4 Kent Comm. 99. If the heir who is entitled to a share of the principal charged owns the land *at the time of the widow's death*, then, being debtor to himself for his share, that debt is, in the absence of special impediments, paid by operation of law ; but it can never be so paid or extinguished or merged by his acquisition of title to the land during the widow's life ; and a sale of his estate in the land under an execution, during the widow's lifetime, passes the title subject to the charge, and subject to his right to claim his share of the principal at the widow's death. And an action lies against the then owner of the land, but the judgment should be entered de terris. The court below therefore erred in entering a non-suit.

*John D. Stiles* (*Harry G. Stiles* with him), for the defendant in error.—When the heir accepts at a valuation, or acquires by purchase, land charged with a sum to part of which he himself is entitled in presenti, payable in futuro, being debtor to himself, the debt is extinguished by operation of law, unless he expressly stipulates in the deed for a contrary result : Stecker *v.* Shimer, 5 Whart. 459 ; Erb *v.* Huston, 6 Harris 369 ; Dury *v.* Clemens, 1 Barr 118 ; Updegrove *v.* Updegrove, 1 Barr 136 ; Dech *v.* Gluck, 11 Wr. 403 ; Shelly *v.* Shelly, 8 W. & S. 153. In such case a judgment against him binds his whole interest, and a sheriff's sale thereunder passes his title not subject to any future claim to the debt, which has thus been extinguished : Shaupe *v.* Shaupe, 12 S. & R. 12 ; Thomas *v.* Simpson, 3 Barr 69 ; Miller *v.* Leidig, 3 W. & S. 458 ; Reigle *v.* Seiger, 2 P. & W. 340.

The opinion of the court was delivered March 19th 1883.

PER CURIAM.—When the plaintiff's testator accepted a purpart of the land, it will not be presumed that he kept alive a lien on the land, which he had himself agreed to pay. Hence a judgment against him bound his entire interest in the land, and by virtue of the sheriff's sale it passed to the purchaser.

When Gackenbach and wife conveyed the other purpart to the testator they made no reservation whatever. Their share of the widow's thirds was thereby paid by operation of law. The learned judge therefore committed no error in refusing to take off the compulsory non-suit.

Judgment affirmed.