145  179
31 SC 492

# JOHN HOLLENBERGER v. DANIEL YAUKEY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF FRANKLIN COUNTY.

Argued June 2, 1891—-Decided October 5, 1891.
[To be reported.]

1. When one of several heirs, taking land in a partition proceeding, gives a recognizance to secure payment of interest on one third of the valuation money to the decedent's widow during her life, and of the principal at her death to the decedent's heirs, "including the recognizor," his share of said principal merges in his title to the land, and does not become a lien thereon.

2. A deed from a subsequent holder of the title to land so taken, expressly conveying it subject to the payment of interest annually to the widow, during her life, on a specified sum equal in amount to the dower principal, "the money to be paid to those entitled to receive it" at her death, will not have the effect of adding to or enlarging the charge created by the recognizance.

3. In any event, an action of assumpsit cannot be maintained against the vendee named in such deed, by a person claiming to be entitled to recover the recognizor's share of the dower principal, a sufficient answer to such action being found in § 1, act of June 12, 1878, P. L. 205, prescribing the effect of a conveyance "under and subject to" an encumbrance: Per Mr. Justice McCollum.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 37 May Term 1891, Sup. Ct.; court below, No. 154 September Term 1889, C. P.

On June 20, 1889, John Hollenberger brought assumpsit against Daniel Yaukey, to recover $224.75, alleged to be due from the defendant to the plaintiff. The defendant pleaded non-assumpsit.

At the trial, on September 8, 1890, the facts appeared as stated in the charge of the court, STEWART, P. J. :

We propose to relieve you of all consideration in this case and direct what your verdict shall be.

The plaintiff seeks to recover in this action the sum of

Charge of Court below.

$224.75, with interest from November 27, 1888, which he claims to be due and owing to him from the defendant in this wise :

In partition proceedings, in the Orphans' Court of this county, on the real estate of one Jonathan Foreman,* deceased, in October, 1856, a certain purpart was awarded to Samuel, one of the heirs, who, pursuant to the decree of the court making the award, entered into recognizance conditioned on the payment of the annual interest on the one third of the valuation money, to wit, $4,812.87, to the widow of the decedent during her natural life, " and at her death the principal sum (I now quote the exact words of the recognizance) to the legal heirs of the said Jonathan Foreman, deceased, as per his said last will and testament, including the recognizor." Jonathan Foreman left eight children ; and so the interest or share of each child in the recognizance, at the death of the widow, would be $601.60.

Samuel Foreman, thus having acquired title to the tract of land, subject to the recognizance, subsequently on March 12, 1885, made a deed of general assignment to Hastings Gehr, Esq., in trust for the benefit of his creditors.

As such assignee, Mr. Gehr petitioned and obtained from the Court of Common Pleas of this county an order to sell this real estate of Samuel Foreman, on April 27, 1885. The original tract had at some time been subdivided, though from the evidence it does not appear just when, and the widow's recognizance of $4,812.87 had been apportioned among the several subdivisions.

The assignee made return to this order of sale, in which return he reports that he had sold a certain purpart of the real estate containing 74 acres and 157 perches,—which it is admitted was part of the tract acquired by Samuel Foreman in the inquisition proceedings and which he conveyed to Gehr in trust,—at

---

* This proceeding was held under and in pursuance of the will of Jonathan Foreman, which directed that his two farms should be appraised, and that when his youngest son John should arrive at the age of ten years, his son Samuel should have the privilege of taking one of said farms at the appraisement, and his son Daniel the privilege of taking the other ; if they should not so take, the land was to be sold by the executors, and the purchase money equally divided among the testator's eight children, except that one third thereof should remain in the land for dower of his wife during her life, and at her death be divided among said children. Samuel elected to take the land mentioned in the charge of the court, " in accordance with the provisions of said will."

Charge of Court below.

$60 per acre, amounting to $4,498.87, " of which (I quote from the return) $1,798 is to be deducted off the purchase money as dower, the interest of which is to be paid to the widow of Jonathan Foreman during her life from 1st of April, 1886, and the principal sum of $1,798 at her death to the heirs of Jonathan Foreman, less Samuel Foreman's share, who was one of the heirs, sold to John Hollenberger." Mr. Hollenberger is this plaintiff. This sale so returned was confirmed by the court on November 23, 1886.

Mr. Gehr, as assignee of Foreman, pursuant to the order of confirmation conveyed the above described purpart by deed dated March 17, 1886, to John Hollenberger, the purchaser; and in this deed there is this condition: " Subject to the payment of the interest on $1,798 to Mary Foreman on the first of April of each and every year during her natural life, and the principal sum at her death to the heirs of Jonathan Foreman, except the share of Samuel, which goes to J. Hollenberger."

On April 1, 1886, Hollenberger conveyed the property to Jacob B. Keller, and in his deed we find this condition: " Subject to the payment of the interest on $1,798 annually to Mary Foreman, to be computed from the 1st of April, 1886, and at the death of said Mary Foreman the money to be paid to those entitled to receive it."

On April 2, 1888, Keller conveyed to Daniel Yaukey, the defendant here; and in this deed we find this condition: " Subject to the payment of the interest on $1,798 annually to Mary Foreman, to be computed from the 1st of April, 1888, and at the death of said Mary Foreman the money to be paid to those entitled to receive it."

Mary Foreman, the widow, died on November 27, 1888; and now John Hollenberger, the plaintiff, claims to recover from the defendant, Daniel Yaukey, the present owner of the land, the one eighth part of this principal sum of $1,798, with interest from November 27, 1888, on the ground that he acquired, by the terms of the conveyance from Mr. Gehr, assignee, to him, the right to the one eighth part of the recognizance, as the representative of Samuel Foreman who was one of the heirs at law of Jonathan Foreman, deceased.

I cannot concur in this view of the case. When Samuel Foreman accepted the real estate of his father at the valuation,

Charge of Court below.

and entered into the recognizance we have recited, his share or interest in that recognizance, though by its terms not payable until the death of the widow, was by operation of law at once paid; and so much of that recognizance as was his was absolutely extinguished. And so, when he conveyed all his estate in the land to his assignee, Mr. Gehr, it was no longer subject to the payment of the whole principal sum of $4,812.87 at the death of the widow, but of that sum, reduced by Samuel's share, which was a one eighth. And so with respect to the subdivisions; the dower being apportioned among them, the whole principal sum charged upon each, for the securing of the widow's dower, would not be payable at the widow's death, but in each case seven eighths of the principal sum so reserved.

Now, the return made by the assignee to the court of this particular purpart, shows that of the purchase money $1,798 was to be deducted as dower, the interest of which was to be paid to the widow of Jonathan Foreman during her life, and the principal sum of $1,798 at her death to the heirs of Jonathan Foreman, "less Samuel Foreman's share, who was one of the heirs." The meaning here is plain and unmistakable. It was the same thing as saying that Samuel Foreman's share, whatever that would have been, was to be deducted from the principal sum when it became payable, and that the purchaser would be required to pay only the balance or the difference. The fact that the words "sold to John Hollenberger" follow immediately after the words "less Samuel Foreman's share, who was one of the heirs," does not and cannot change this interpretation; for it is manifest that they apply, not to the share of Samuel, but to the land which the assignee has returned as sold to Hollenberger.

This interpretation accords not only with the plain, manifest meaning of the words employed, but makes the assignee's return consistent with law. Had the return been silent upon the subject, that is to say, had it merely returned a sale of Samuel Foreman's interest in the land, subject to the recognizance, or a given and fixed portion of it, there could have been no question in regard to what would have been payable at the widow's death; for Samuel's interest or share in the recognizance, as we have seen, was extinguished. And so, I say, the interpretation we give to the return accords with the result which the law if left alone would have worked out.

Charge of Court below.

To interpret it differently is to assert a purpose on the part of ·the assignee and the court to change the effect which the law works out.

It is insisted that the language of the reservation contained in the deed of the assignee to the defendant sustains the plaintiff's contention. It is in these words: "The principal sum at her death to the heirs of Jonathan Foreman, except the share of Samuel, which goes to J. Hollenberger."

Now the plaintiff says that by the very terms of this deed he was made one of the parties entitled to share in this recognizance at the death of the widow, and that this charge is in the very title under which the defendant holds the land to-day, and that a one eighth is payable to him, because in the deed to him it is provided that the share of Samuel goes to him. What I said with reference to the language used in the return to the order of sale, is equally applicable here. The manifest meaning of the expression, "except the share of Samuel, which goes to J. Hollenberger," is that Hollenberger got that share in the conveyance of the land to him, and that he was not to be called on to pay it at the death of the widow; in other words it had been extinguished, and was not to be a charge on Hollenberger's land. And this construction comports with the law, and it is the only one that would. Neither the assignee nor the court itself could, under the circumstances of this case, resuscitate Samuel's extinguished part of that recognizance; neither could, under the circumstances which led up to the sale, impose any such condition as one of the terms of sale. If a sheriff is bound to sell the debtor's interest in real estate levied on, whatever it may be, without terms or conditions affecting the title, why not an assignee who sells under an order of the court.

"Repeated decisions in this state have settled the principle that an officer of the court, whether called sheriff or administrator, executing its process for the sale of land in payment of debts, has no power to prescribe conditions other than those which the law or the court has indicated; and his attempt to do so will not be permitted to affect, as with a lien, interests subsequently acquired by third persons, either as purchasers for value or as encumbrancers:" I quote from Randolph's App., 5 Pa. 245. No more was it in the power of the court to resuscitate the extinguished lien of Samuel Foreman, and continue it in force as a lien upon this land.

We are of opinion that the plaintiff is without any suffi-
cient cause of action, and we direct a verdict at your hands
for the defendant.

—The jury returned a verdict accordingly. A rule for a
new trial having been discharged and judgment entered, the
plaintiff took this appeal, specifying that the court erred in
directing a verdict for the defendant.

*Mr. H. J. Plough* and *Mr. W. Rush Gillan*, for the appellant:

1. By the terms of his deed, the defendant was bound to
pay to some one, on the death of Mary Foreman, the sum of
$1,798. By the will of Jonathan Foreman, this money was
made payable to the testator's children; and nothing was done
by any of the subsequent conveyances to change the nature or
character of the lien created by the will. The plaintiff, being
at the time of Mary Foreman's death the owner of Samuel
Foreman's interest, is entitled to receive Samuel Foreman's
share: Erb v. Huston, 18 Pa. 371.

2. The conditions of sale when the assignee sold were that
the dower was to be deducted from the purchase money and
was to be paid at the death of the widow according to the re-
cognizance; and the same reservation having been made in
the subsequent conveyances, the interest of the recognizor did
not become extinguished by operation of law, but, upon the
death of the widow, was recoverable from the holder of the
land: Dech v. Gluck, 47 Pa. 403; Kline v. Bowman, 19 Pa.
24; Shertzer v. Herr, 19 Pa. 34.

*Mr. Alex Stewart* (with him *Mr. D. Watson Rowe* and *Mr.
Gehr*), for the appellee:

There being no circumstances tending to show that it was
to the interest of Samuel Foreman to keep alive the charge in
his own favor, it sunk in the fee, and was presumed in law to
be paid and extinguished: Forbes v. Moffatt, 18 Ves. Jr. 390;
Pennock v. Eagles, 102 Pa. 295; Reigle v. Seiger, 2 P. & W.
340; Edwards v. Hoopes, 2 W. H. 425; Stecker v. Shimer, 5
Wh. 458; Addams v. Heffernan, 9 W. 530. Even if this were
otherwise, his conveyance to Gehr, for the benefit of creditors,
would have the effect of merging it in the inheritance, as that
deed did not expressly contract for an opposite result: Dech v.

Gluck, 47 Pa. 403; Updegrove v. Updegrove, 1 Pa. 136; Shelly v. Shelly, 8 W. & S. 153; Kline v. Bowman, 19 Pa. 31. The same thing may be said of the plaintiff's deed to Keller, the reservation therein not being sufficient to continue a charge. A fortiori, this reservation could not avail to create a charge in his favor, if none then existed.

OPINION, MR. JUSTICE MCCOLLUM:

Samuel Foreman held the land which he received under the will of his father, subject to the payment of interest on $4,812.87 to Mary Foreman during her life, and at her death seven eighths of the principal sum to his brothers and sisters. This was the legal status, after his acceptance of the land at the appraisement, and his execution of the recognizance to secure the dower fund. He was then the owner of the land in fee, subject to the encumbrance mentioned. His share in the valuation was not a lien on his land, but was merged in his title to it: Duey v. Clemens, 1 Pa. 118; Updegrove v. Updegrove, 1 Pa. 136; Erb v. Huston, 18 Pa. 369; Stecker v. Shimer, 5 Wh. 458; Reigle v. Seiger, 2 P. & W. 340.

In March, 1885, Foreman conveyed this land to Hastings Gehr in trust for the benefit of his creditors, and Gehr sold a portion of it to Hollenberger, in pursuance of an order of the Court of Common Pleas under the provisions of the act of February 17, 1876, P. L. 4. This order, and the proceedings under it, passed the title of Foreman to the purchaser free of such encumbrances as would have been divested by a sheriff's sale founded on a judgment against him prior to his conveyance in trust for creditors. The portion of the dower fund charged upon the land purchased by Hollenberger was $1,798; the interest on it was payable to Mary Foreman during her life, and at her death seven eighths of the principal sum was payable to the brothers and sisters of Samuel Foreman, whose share, as we have seen, was merged in the title to which Hollenberger succeeded. In the assignee's return to the order of sale it was stipulated that the sum charged on the land sold to Hollenberger should be paid at the death of Mary Foreman "to the heirs of Jonathan Foreman, less Samuel Foreman's share, who was one of the heirs." This was in accordance with the terms and conditions published at and prior to the sale. It is evident from these

that the parties comprehended the legal effect of Samuel Foreman's acceptance of the land and his subsequent conveyance of it in trust for his creditors, and that they did not intend to qualify it. It follows that Hollenberger received Foreman's title, with the encumbrance represented by the recognizance neither enlarged nor diminished by the sale, or any agreement or condition connected therewith.

Did he pass this title to Kellar subject to the same encumbrance? He conveyed it "subject to the payment of the interest on $1,798, annually, to Mary Foreman, to be computed from the first of April, 1886, and at the death of said Mary the money to be paid to those entitled to receive it." We fail to discover in this language any purpose to increase the charge upon the land, or to confer upon the grantor any rights under the recognizance which he did not before possess; nor can we see in it any reservation of a fraction of the title which the grantor acquired at the assignee's sale. The money to be paid at the death of Mary Foreman was seven eighths of the sum on which she received interest, and the parties entitled to receive it were the brothers and sisters of Samuel Foreman, or their legal representatives. The share of Samuel in that sum was merged in his title, which passed by an assignment and a sale thereunder, to the appellant, who conveyed it to Keller, and he in his deed to the appellee described the encumbrance thereon in the language we have quoted from Hollenberger's deed to him. We agree, therefore, with the learned judge of the court below, that Samuel Foreman's share of the valuation money was not a charge on this land while Hollenberger owned it, and that the subsequent conveyances have not converted it into a lien on the land in favor of the appellant. The deeds mentioned recognize and continue the encumbrance that was existing when he held the title, but they do not enlarge or add anything to it.

It should be stated here that, if a charge existed as claimed by the appellant, a sufficient answer to this action is found in the first section of the act of June 12, 1878, P. L. 205, which declares that the "grantee of real estate which is subject to ground-rent, or bound by mortgage or other encumbrance, shall not be personally liable for the payment of such ground-rent, mortgage, or other encumbrance, unless he shall, by an

agreement in writing, have expressly assumed a personal liability therefor, or there shall be express words in the deed of conveyance, stating that the grant is made on condition of the grantee assuming such personal liability: provided, that the use of the words, 'under and subject to the payment of such ground-rent, mortgage, or other encumbrance,' shall not be so construed as to make such grantee personally liable as aforesaid."

Judgment affirmed.