# Baldwin *v.* Siner.

*Dower—Partition—Charge on land—Sheriff's sale.*
Where an heir takes land in partition proceedings charged with a dower, the principal of which was payable at the death of his mother to the heirs and legal representatives of the decedent, and subsequently the land is sold at sheriff's sale as the land of the son, the latter's interest in the land is divested, and he cannot, after the death of his mother, as against the purchaser at the sheriff's sale, share in the principal of the dower charged on the land. In such a case parol evidence is inadmissible to prove that the son took the real estate in the partition on behalf of his mother, since the effect of such testimony would be to fasten a trust upon the plaintiff's original title in favor of the widow, in the absence of a writing, and to the injury of an innocent third party acquiring title, without notice, through a sheriff's sale.

Argued Nov. 22, 1900. Appeal, No. 163, Oct. T., 1900, by plaintiff, from judgment of C. P. Chester Co., April T., 1900, No. 53, on verdict for defendant in case of Zachary T. Baldwin v. John T. Siner. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to collect a share of money charged on land. Before HEMPHILL, P. J.

At the trial it appeared that the suit was brought to recover the sum of $782, which was a portion of the sum of $4,692, charged on land as a dowry in partition proceedings in the estate of Harland Baldwin, deceased. The land had been allotted to Zachary Baldwin in the partition proceedings, and was sold as his land at a sheriff's sale, and purchased by defendant's predecessor in title. After the death of his mother, Zachary claimed a share as an heir in the principal of the sum charged on the land.

When Alfred P. Reid was on the stand, this offer was made:

Mr. Pennypacker: What I offer to show by this witness is that since the death of Anna Baldwin, John T. Siner has paid into the hands of the witness $4,692, the full amount of this dower, for the purpose of paying the several heirs, and that they have all been paid save and except Zachary T. Baldwin, and he now has in his hands $782 of that dower, which is the $782 we claim to recover from the defendant in this action.

Mr. Reid: I object that it does not show liability upon the part of Mr. Siner, and, therefore, does not help the case along. I will object to the question formally.

" Q. Since the death of Anna Baldwin has John T. Siner, the defendant in this action, paid into your hands $4,692, being the principal of this dower, for the purpose of discharging his liability thereunder?"

Mr. Reid: I object to that question. It is between counsel and client, and I do not see that it has anything to do with the case.

Objection sustained. Exception. [1]

The plaintiff, Zachary T. Baldwin, was asked this question:

" Q. For what purpose did you take it?"

Objected to.

Mr. Pennypacker: I offer to ask this witness, did not he take this property at the appraisement in the orphans' court of Chester county on behalf of his mother?"

Objected to.

" Q. Did you or not take this property at the appraisement so as to subsequently convey it to your mother?"

Mr. Reid: I object to that question for the reason that Mr. Siner, a subsequent purchaser, is not to be affected by that.

Objection sustained. Exception. [4]

10                        BALDWIN *v.* SINER.

Assignment of Errors—Opinion of the Court.    [16 Pa. Superior Ct.
Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1, 4) rulings on evidence, quoting the bill of exceptions.

*Charles H. Pennypacker*, for appellant.—In the case in hand there was never any judgment against Anna Baldwin, the terre-tenant, so that the process whereby it is claimed that the son's interest was divested was fatally defective.   The interest of recognizor is not extinguished by sale of land bound by it: Dech v. Gluck, 47 Pa. 403.

The acknowledgment of the fact of a trust at any time amounts to a confession, and may be given in evidence: Willard v. Willard, 56 Pa. 119.

*Alfred P. Reid*, for appellee.—When an heir takes land in proceedings in partition in the orphans' court, his own share of the price is merged in the land: Shelly v. Shelly, 8 W. & S. 153; Reigle v. Seiger, 2 P. & W. 340.

His interest in the amount secured for the widow becomes an estate in the land, not a lien for the money, and passes to the purchaser of the land at a sheriff's sale as land: Erb v. Huston, 18 Pa. 369; Dull's Estate, 137 Pa. 116.

A sheriff cannot reserve such an interest as a lien upon the sale of the land under an execution against the heir accepting: Fretz v. Heller, 2 W. & S. 397; Randolph's Appeal, 5 Pa. 242; Hollenberger v. Yaukey, 145 Pa. 179; Dech v. Gluck, 47 Pa. 403.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

Harland Baldwin, being the owner of a certain farm, died intestate in 1869.   He left a widow and six children, of whom Zachary was one.   In partition proceedings in 1869, Zachary accepted the land in question at the valuation, and entered into a recognizance for the payment of $4,692 at his mother's death to the heirs and legal representatives of Harland Baldwin, deceased.   He afterward conveyed the land to his mother, subject to the payment of the $4,692 " to the heirs and legal representatives of Harland Baldwin, deceased, at the death of his widow, in accordance with the terms of the recognizance of the said

Z. T. Baldwin, of record in the orphans' court of Chester county." Subsequently, judgment was obtained upon the recognizance and the land sold by the sheriff as the land of Z. T. Baldwin. The purchaser, one Chamberlain, sold the land to Siner, the present defendant, by a deed in which there is this clause: "Sold subject to the dower of $4,692 charged upon the property, the interest of which, at six per cent, is payable yearly and every year to the widow of Harland Baldwin, deceased, and at her decease, the said dower is to be paid to the parties legally entitled thereto, and which said dower is a part of the purchase money above mentioned." The widow of Harland Baldwin died in 1899. Zachary Baldwin now sues Siner, claiming to be entitled to share in the $4,692, made payable by the death of the said widow. He is not so entitled. His right as an heir to participate in the dower charge merged in his title to the land: Hollenberger v. Yaukey, 145 Pa. 179 ; Reigle v. Seiger, 2 P. & W. 340 ; Shelly v. Shelly, 8. W. & S. 161. All of his interest passed to Chamberlain by the sale of the land by the sheriff: Erb. v. Huston, 18 Pa. 369 ; Reigle v. Seiger, supra; Fretz v. Heller, 2 W. & S. 397 ; Dull's Estate, 137 Pa. 116. We are not concerned with the question whether under the deed of Chamberlain to Siner, the right to Zachary's portion of the dower interest passed. It is enough to ascertain that Zachary, himself, has here no standing to sue, since he has been shorn of his whole interest in the land, which included his share of the dower charge. Dech v. Gluck, 47 Pa. 403, cited by the appellant, is not in point. In that case the interest of the recognizor in the charge was preserved by express condition imposed by the orphans' court in ordering the sale.

Error has been assigned to the refusal of the court to permit the introduction of testimony showing what disposition Siner had made of the dower moneys since the death of the widow. This testimony was inadmissible, since the plaintiff's concern in such an inquiry was shut off by the sale and the extinction of his interest in the fund. It is also complained that testimony was excluded by which it was attempted to prove that Zachary Baldwin took the real estate in the partition on behalf of his mother. The evidence did not purport to appear of record in the line of the title of the defendant. The effect of it would be to fasten a trust upon the plaintiff's original title in favor of the

widow, in the absence of a writing, and to the injury of an innocent third party, acquiring title without notice, through a sheriff's sale. Such evidence was properly excluded.

As we discover no error in the record, the judgment of the court below is affirmed.