# Haines *v.* Eshleman.

*Partition—Dower—Charge on land—Decedent's estates.*

An intestate died owning land and leaving to survive him a widow and five children. Four of the children conveyed the farm subject to an annual charge for the benefit of the widow during her life, and at her death the sum charged was to be paid to the heirs of the deceased. The sum charged was exactly one third of the purchase price mentioned in the deed. The deed also contained this clause: "The above described tracts are a part of the estate of deceased, and descended to his heirs, the parties of the first part of this indenture." Subsequently in proceedings in partition in the common pleas in which the successor in title to the grantee in the foregoing deed was plaintiff, and the fifth child who did not join in the deed was defendant, the farm was appraised, and, the parties having refused to accept at the appraisement, was sold by the sheriff pursuant to an order of the court, the plaintiff in the partition proceedings becoming the purchaser. It did not appear that either in the order of sale, or in the sheriff's deed was there any condition, reservation or stipulation relative to the foregoing charge. Many years afterwards the widow died, and the five children brought an action to recover the principal sum charged on the land. In a case stated in this action the parties designated the principal sum as "dower money." *Held,* that the fifth child who had not participated in the deed, and was the defendant in the petition proceedings, was not entitled to participate in the fund.

Argued Nov. 10, 1903. Appeal, No. 226, Oct. T., 1902, by Emeline H. Brown, from judgment of C. P. Lancaster Co., Feb. T., 1902, No. 40, against plaintiff on case stated in suit of William C. Haines et al., Priscilla H. Bailey, Mary S. Carter, James L. Haines and Emeline H. Brown v. B. Frank Eshleman. Before Rice, P. J., Beaver, Smith, Porter, Morrison and Henderson, JJ. Affirmed.

Case stated to determine the ownership of a fund charged on land. Before Landis, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for William C. Haines, Priscilla H. Bailey, Mary S. Parker and James L. Haines.

Emeline H. Brown appealed.

*Error assigned* was the judgment of the court.

*J. W. Brown*, for appellant.—Appellant was entitled to share in the fund: Dech v. Gluck, 47 Pa. 403 ; Erb v. Huston, 18 Pa. 369 ; Kline v. Bowman, 19 Pa. 24.

Merger is a question of the intention of the parties, and the keeping alive of the charge, as has been done, shows conclusively that it was not intended that any part of this dower or charge should be extinguished or allowed to merge : Richards v. Ayres, 1 W. & S. 435 ; Sellers v. Montgomery, 2 Pa. Dist. Rep. 551; Danhouse's Est., 130 Pa. 256.

*W. U. Hensel*, for appellee.—Appellant's share, in the principal of the dower, was, from the first, payable to herself ; therefore, there was a merger; and, upon any sale, judicial or otherwise, of her interest in the estate her interest in the dower would have passed to the grantee: Reigle v. Seiger, 2 P. & W. 340 ; Steckel v. Koons, 102 Pa. 493 ; Henderson v. Stryker, 164 Pa. 170 ; Kreamer v. Fleming, 191 Pa. 534; Edwards v. Hoopes, 2 Wh. 420 ; Aulenbaugh v. Umbehauer, 8 Watts, 48 ; Shelley v. Shelley, 8 W. & S. 153; Duey v. Clemens, 1 Pa. 118; Updegrove v. Updegrove, 1 Pa. 136 ; Stecker v. Shimer, 5 Wh. 452 ; Williams v. White, 35 Pa. 514; Hollenberger v. Yaukey, 145 Pa. 179 ; Dull's Estate, 137 Pa. 116 ; Schlegel v. Herbein, 174 Pa. 504; Grubb v. Grubb, 11 Montg. 101.

OPINION BY RICE, P. J., July 28, 1904:

Mark Haines died in 1870 intestate and seized in fee of a farm containing 276 acres and also of an undivided half of a smaller tract. In 1873 all of his five children, except Emeline H. Brown, the appellant, joined in a general warranty deed of these tracts to her husband for the consideration of $8,333.33⅓, then paid, and "the further sum of $4,166.66⅔, hereinafter charged," etc. This reference in the consideration clause is to that part of the habendum clause which reads: "Subject to and charged, however, with the sum of four thousand one hundred and sixty-six and two thirds dollars ($4,166⅔), the interest of which is to be paid annually on the first day of April of each year to Mercy M. Haines, widow of Mark Haines, deceased, during her natural life, and at her death the said sum to be paid to the heirs of Mark Haines, deceased." In the recitals appear the following clause, which in one view of the case may have significance : "The above described tracts are a part of the estate of Mark Haines, deceased, and descended to his heirs, the parties of the first part of this indenture." Afterward in proceedings in partition in the common pleas, in which the successor in title to the grantee in the foregoing deed was plaintiff, and the appellant was defendant, the farm was appraised, and, the parties having refused to accept at the appraisement, was sold by the sheriff pursuant to an order of court, the plaintiff in the partition proceedings becoming the purchaser. This was in 1881. It is not alleged that either in the order of sale or in the sheriff's deed there was any condition, reservation or stipulation relative to the foregoing charge. Subsequently the purchaser's title became vested in the defendant in the present action, and in 1901 the widow of Mark Haines died. In the following year his heirs brought this action to recover the principal sum, the interest accruing in the lifetime of the widow having been duly paid to her.

The first question is as to the effect of the partition sale upon the right of the appellant to a share of the principal sum thus charged upon the land. In the discussion of this question it is to be noticed, as pointed out in the able opinion of the learned judge below, that the amount of the charge was not fixed by any legal proceedings, nor, so far as the case stated shows, by express agreement between the widow and heirs of Mark

Haines. But as it is exactly one third of the purchase price mentioned in the deed, it is fairly inferable that it was reserved in order to secure to Mercy Haines her rights as widow in the land; and, so far as appears, she acquiesced in the arrangement during the twenty-eight years that she lived after the deed was made. Moreover, throughout the case stated the parties designate the sum as "dower money," and in one place it is stated that it was "charged as a dower on both tracts," evidently meaning the farm and the undivided half of the smaller tract. We will suppose for a moment that the appellant had joined in the deed and subsequently during the lifetime of the widow had acquired title to the land by purchase from the grantee in the deed, and had then incumbered it by a judgment, or had conveyed an undivided four fifths part of it to another, without reservation. It would seem clear under the authorities cited in the opinion of the learned judge below that a partition sale in the latter case or a sheriff's sale in the former case would leave in her no interest in the dower fund thus charged on the land. This would certainly be so if there were no equities, growing out of the special circumstances and brought to the notice of the purchaser at the judicial sale, which would require the charge to be kept in force for her benefit. Nor can we see that the result would be different, if, subsequently to the deed and during the lifetime of the widow, she had reacquired title to an undivided one fifth by direct purchase from the grantee in the deed. But the appellant was not a party to the deed in which the charge was reserved, and it may be said, that although her undivided one fifth of the land was subject to the widow's dower, it was not, and never became, subject to the charge of this specific sum prior to the partition in question. Granting this, does it give her an advantage in her action to recover a share of the fund, which she would not have if the charge had been validly fixed upon the whole title? Is her position precisely the same as if her tenants in common had, in terms, imposed a charge for her benefit as well as theirs, and restricted it to their undivided share of the land? We think not. There is apparent no reason for assuming that they intended to make a gift to her of one fifth of the purchase price of their undivided four fifths. Judging from their deed, what they attempted to do was to convey the whole land and to

charge the whole land, not merely the undivided four fifths of it, with one third of its value. They either intended to do that, or to exclude altogether the appellant from sharing in the principal sum, to which latter conclusion the recital heretofore quoted from the deed gives some color. Now whilst the appellant was not bound by their action, yet it is to be observed that whatever rights she had in this specific fund were derived therefrom ; therefore, it seems to us, that in determining what they are, or were when the partition was made, it is perfectly proper to look at the purpose and intention of the parties who created the charge. Thus viewing the case, we cannot say that the court erred in holding that it is governed by the general principle that is applicable where the title to the whole, or an undivided part, of land subject to a dower charge of a specific sum and the right to a share of the fund upon the death of the widow become united in the same person. It seems to be well settled that he may, upon conveying the land thus charged, by a reservation, " susceptible of clear proof, and not objectionable as a secret or parol lien," retain or new-create his right to a share of the dower fund, and thus keep the charge in life for his benefit through subsequent mutations of the title, but that if there be no such reservation there remains in him no interest in the fund. A judicial sale of the land in partition proceedings must be held to have the same effect unless the court having jurisdiction to direct the sale and prescribe the terms upon which it shall be made, orders, or the parties to be affected agree, otherwise. No such order was made in this case, nor is it alleged that the appellant requested it to be made, or gave any notice at the sale, or did anything from which an intention or desire on her part to reserve to herself the right to participate in the dower fund can be inferred. Therefore, the case is plainly distinguishable from Dech v. Gluck, 47 Pa. 403, for in that case " the whole thirds remained upon the land by specific mention in the conditions fixed by the orphans' court upon a sale of the land as the property of the deceased acceptant. For these reasons only was it held that the acceptant or his representatives had an interest in the thirds charged during the widow's lifetime : " Steckel v. Koons, 102 Pa. 493 ; Baldwin v. Siner, 16 Pa. Superior Ct. 8. The appellant did not institute the action in parti-

tion and could not have prevented the sale, it is true; therefore it does not seem to be strictly accurate to speak of the sheriff as her agent. But we are not prepared to hold that the court would not have had authority, upon her application, to make such order for the protection of any interest she had in the dower fund, as the special circumstances of the case may have required. Then, it seems to us, was the time when she should have spoken. In the absence of such order, it was the duty of the sheriff to sell the appellant's whole interest in the land, and his deed vested in the purchaser the whole of the title partitioned, as against the parties to the suit, as fully and effectually as their own deed without reservation would have done.

After an examination of the authorities, which are quite fully reviewed in the opinion of the learned judge below, we have been led to the conclusion that he was right in holding that the appellant cannot recover.

Affirmed.