# Dungan, Trustee, *versus* The American Life Insurance and Trust Company.

1. If purchase-money be secured by two mortgages, recorded on the same day, and within sixty days of their date, one cannot be prior to the other, and a sheriff's sale on either divests both.

2. Gilbert sold a lot to Dungan, who conveyed to him another lot in part payment. Dungan simultaneously sold the first lot to Simon, and Gilbert conveyed to Simon, taking from him a purchase-money mortgage for the balance to be paid by Dungan in money, and another mortgage recited to be for purchase-money, which he immediately assigned to Dungan. *Held,* that the latter, as between Simon and Gilbert, was not a purchase-money mortgage, and a sale on the second mortgage did not divest the lien of the first.

4. The lot being about to be sold under the second mortgage, the attorney who was suing it out told the holder of the first mortgage that *it* would not be divested by the sale. The holder of the second mortgage having bought the lot, claimed that it was discharged from the first. *Held,* that, if it had been so, he would not have been estopped, because, being the assertion of matter of law, it was equally open to both parties.

Error to the District Court *Philadelphia.*

This was a *scire facias sur mortgage,* issued January 29th 1862, by the American Life Insurance and Trust Company, assignee of John Gilbert, against John H. Simon, in which judgment was taken for want of an affidavit of defence, and the judgment afterwards

opened on the application of Charles B. Dungan, trustee, terre-tenant, and he let into a defence.

On the 6th of December 1854, Gilbert sold to Dungan a house and lot on Vine street, Philadelphia, for $12,000. Part of the consideration was a house and lot on Arch street, which Dungan then conveyed to Gilbert at $7500. Dungan at the same time sold the Vine street house to Simon for $12,000; it was conveyed directly by Gilbert to Simon, who gave to Gilbert a purchase-money mortgage for $4500, the one in suit, and also a mortgage for $7500, recited to be for purchase-money, which was at once assigned to Dungan. The $4500 mortgage was recorded a few hours before the other, with the understanding between Simon, Dungan and Gilbert, that it was to have priority. Dungan assigned the $7500 mortgage to one Reinboth, who immediately reassigned it to him as trustee of the estate of Tarr. Gilbert afterwards assigned the $4500 in mortgage to the plaintiff.

Dungan, in 1859, sued out his mortgage and bought the premises at sheriff's sale. After the property was advertised by the sheriff, the actuary of the plaintiff, at two interviews, was assured by the attorney of Dungan, who had the mortgage for collection, that the $4500 mortgage was prior to the $7500 mortgage, and would not be disturbed by a sale under it: in consequence the actuary did not attend the sheriff's sale. No money was paid to the sheriff on account of the sale but the costs, which were paid by Dungan's attorney, who receipted to the sheriff for the balance of the purchase-money. Dungan himself had no knowledge of the statements of his attorney, nor did he make any himself in regard to the lien of the mortgage. After his purchase he made two half-yearly payments of interest on the $4500 mortgage.

The court below (Stroud, J.), in answer to plaintiff's points, charged:—

"1. That if the jury believe that at the time of the sheriff's sale of the mortgaged premises under the $7500 mortgage, the plaintiffs were induced to be absent from the sale or to abstain from bidding, by statements or representations made to them by the counsel of Mr. Dungan, to the effect that the lien of their mortgage would not be divested by that sale, but that the purchaser would take subject to their mortgage, and that at that sale Mr. Dungan became the purchaser, the lien of the sheriff's mortgage was not divested by that sale.

"2. That if the jury believe that in consequence of statements or representations made by defendant's counsel, to plaintiffs at the time of or shortly prior the sheriff's sale of the mortgaged premises, the plaintiffs were induced to abstain from bidding at that sale, whereby defendant was enabled to buy the property as if it were subject to the lien of plaintiff's mortgage, defendant is now estopped from denying that he did buy subject to that mortgage."

The verdict being for plaintiff for $5538.75, these instructions were assigned for error.

*S. Dickson* and *J. C. Bullitt*, for plaintiff in error.—One cannot be held responsible by another for the latter's ignorance or mistake: Cuttle v. Brockway, 8 Casey 50; 2 Bibb. 602; 2 Ire. 32; 2 Wheat. 115; 5 Blackf. 18; Bailey v. Merrill, 3 Bulstrode 94.

To constitute an estoppel, the false representation must be made wilfully: Pickard v. Sears, 6 A. & E. 475 (33 E. C. L. R.); Howard v. Hudson, 2 E. & B. 1 (75 E. C. L. R.); Parker v. Barker, 2 Metc. 421; Gray v. Bartlett, 20 Pick. 186; Clopton v. Cosart, 13 S. & M. 363. Especially, if a mistake of law: Chitty on Const. 543; 9 B. & C. 577 (17 E. C. L. R.); Railway Co. v. Stratton, 2 B. & Ad. 518 (22 E. C. L. R.); Lewis v. Jones, 4 B. & C. 506 (10 E. C. L. R.); Starr v. Bennett, 5 Hill.

*A. S. Letchworth* and *Chapman Biddle*, for defendants in error.—A party who by his conduct induces action by another, is precluded from asserting to the prejudice of the other, the contrary of what his conduct has induced the belief: Hill v. Epley, 7 Casey 334; Commonwealth v. Moltz, 10 Barr 530; Dosell v. Odell, 3 Hill 219; McMahan v. McMahan, 1 Harris 381; 1 Greenl. Ev. § 207–8; Ludlam's Estate, 1 Harris 192; Pickard v. Sears, 6 A. & E. 475; Howard v. Hudson, 2 E. & B. 9; Nichols v. Arnold, 8 Pick. 172; Foster v. Newland, 21 Wend. 94; Crockett v. Lashbrook, 5 Monr. 530; Davis v. Thomas, 5 Leigh 1; Bank v. Wollaston, 3 Harrington 90; Copeland v. Copeland, 28 Maine 525.

The $7500 was not part of the purchase-money to Gilbert. The mortgage was drawn so at Dungan's instance, and the $4500 mortgage was by his agreement to have priority.

The opinion of the court was delivered, May 15th 1866, by

WOODWARD, C. J.—There is no doubt that the $4500 mortgage which the defendants in error held, became the first lien upon the premises. It was recorded two hours before the $7500 mortgage, for the purpose of giving it priority, and Dungan himself swears in the bill of discovery, that he intended to give the $4500 mortgage priority, and supposed it was prior in lien to the other mortgage. After the sheriff's sale, he continued to think so, for he paid two instalments of interest on that mortgage as a subsisting lien. If it was indeed a prior lien to the larger mortgage, it was not divested by the sheriff's sale.

But though first upon the record it is supposed not to be a prior lien, because the larger mortgage made and recorded the

same day expresses itself to be a purchase-money mortgage. And the doctrine is unquestionably true, that if purchase-money be secured by two mortgages, and both are recorded on the same day, and within sixty days of their date, their liens are contemporaneous, and no priority of one over the other can be predicated. And, of course, a sheriff's sale on either divests both.

I cannot understand, however, how upon the facts of this case, the $7500 mortgage can be regarded as a purchase-money mortgage in the same sense as the $4500. The admitted facts are, that Dungan negotiated with Gilbert for the purchase of the real estate in question, situate on Vine and Wood streets, for $12,000 ; that he conveyed to Gilbert in part payment a house and lot in Arch street at $7500, and agreed to give him a mortgage on the Vine and Wood streets property for $4500. When the bargain came to be consummated, Dungan interposed one John H. Simon and requested Gilbert to make the deed to him, and to take these two mortgages, one for $4500 and the other for $7500, with the understanding, however, that the $4500 mortgage was to be recorded first, and that the $7500 mortgage was to be assigned to Dungan. And in this manner the transaction was completed. Now as to Gilbert, the $7500 mortgage never represented a dollar of purchase-money. The Arch street house conveyed to him by Dungan, and the $4500 mortgage made to him by Simon, paid him all the purchase-money he was entitled to receive for the Vine and Wood streets property. And if the recitation in the mortgage be referred to *that* purchase-money, it is unfounded and false.

The only sense in which the recitation can be true is, that Dungan having bought of Gilbert sold to Simon, and as between them, Dungan and Simon, the $7500 was purchase-money. But if this were the case the sheriff's sale did not divest the prior mortgage, for if a purchaser of real estate having given a mortgage for part of the purchase-money sell it and take a mortgage from his vendee, both mortgages are indeed for purchase-money, but not for parts of one and the same sum of purchase-money. Necessarily one mortgage is prior to the other, for each attaches on each transition of the estate, and if the prior mortgage be first recorded, it will not be divested by a sheriff's sale on the subsequent mortgage. Simon regarded as vendee of Dungan could only mortgage the estate encumbered by the prior mortgage to Gilbert.

Such would have been the legal effect of the transaction if it had been truly represented by the names concerned, but they are blended and confused, perhaps for no dishonest purpose, but with such effect as to give Dungan an apparent position as the holder of a purchase-money mortgage on the same footing as Gilbert. With all the facts before the court below, it would have been wise

[Dungan v. American Life Ins. Co.]

to divest the case of its fictions and reduce it to the naked truth, when it would have appeared that Dungan was not the holder of a purchase-money mortgage of the degree and quality of that which Gilbert transferred to the insurance company; and that he was altogether right in supposing that the sheriff's sale on his mortgage did not divest the lien of the prior mortgage. But the cause was placed upon the doctrine of estoppel. The evidence was very clear that the agents of the insurance company were induced to disregard the sheriff's sale by the assurance of Dungan's counsel, that it would not divest the lien of the $4500 mortgage. If this was a mistake in law, and an honest one, made with no intention to mislead, it is difficult to see how it could ground an estoppel, for the insurance company had no right to seek or act upon the opinion of the legal adviser of the adversary. The law was equally open to them as to Dungan, and they should have ascertained it by application to their own counsel instead of Dungan's. And, besides, we verily believe that the opinion was not only honestly given, but that it was correct in point of law. Estoppel excludes the truth, but it is the truth which the insurance company seek to assert in this case, and, therefore, I cannot see how their case falls under this head of law.

If, however, the cause is determinable on the doctrine of estoppel, the court below ruled it according to the manifest justice of the case, and we will not disturb a judgment merely because it was not placed on the best of reasons.

　　　　　　　　　　　The judgment is affirmed.