## William Jeanes, Appellant, *v.* John Hizer.

*Mortgage—Purchase money mortgage—Notice—Names.*

It is not necessary that a purchase money mortgage should be in the names of the vendee and vendor, in order to convey record notice.

While a mere recital that an instrument is given to secure purchase money is not conclusive that the instrument is a purchase money mortgage, yet such recital may amount to such notice as makes inquiry a duty.

Several tenants in common agreed to sell a tract of land to one of their number. A deed from all the parties was made to C., a third person, who on the same day that the deed was delivered to him executed and delivered his deed to the purchaser. Though one of the tenants in common agreed to let his interest remain in the land secured by a purchase money lien, yet the deed acknowledged the payment of all the purchase money. The mortgage was made by the real purchaser directly to this tenant, and recited that it was given "for the better securing of above stated amount of purchase money for the above described property." It was executed simultaneously with the deeds, but was not recorded until five days thereafter. In the mean time another mortgage was executed, delivered and recorded on the same day as the deeds by the purchaser. After the recording of the first mentioned mortgage the other mortgage was assigned. *Held,* (1) that the recital in the first mortgage was sufficient to put the owner of the other mortgage on inquiry as to the character of the first mentioned mortgage; (2) that the first mentioned mortgage was entitled to priority in the distribution of the proceeds of the sale of the real estate.

Argued Jan. 31, 1898. Appeal, No. 143, Jan. T., 1897, by plaintiff, from order of C. P. Montgomery Co., June T., 1896, No. 39, confirming report of auditor. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Exceptions to report of auditor.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*J. P. Hale Jenkins*, for appellant.—Merely stating in the instrument that an obligation is given to secure part of the purchase money is not good: Nottes's App., 45 Pa. 361 ; Dungan v. American Life Ins. & T. Co., 52 Pa. 253.

The grantor, by acknowledging the receipt of the purchase money, under his hand and seal, in the absence of fraud, imposition or mistake, is estopped from denying its payment: McMullin v. Glass, 27 Pa. 151 ; Albright v. Lafayette B. & S. Assn., 102 Pa. 411.

Secret liens are not favored in Pennsylvania : Kauffelt v. Bower, 7 S. & R. 73.

*John Faber Miller* and *Montgomery Evans*, for appellee.— The conveyance and incumbrance need not be literally simultaneous. It is sufficient if they constitute parts of one continuous transaction, and were so intended. It makes no difference if the instruments are executed at different times if they are delivered at the same time, for they take effect only from their own delivery : Parke v. Neeley, 90 Pa. 52; Erb v. Myers, 18 W. N. C. 197 ; 1 Jones on Mortgages, sec. 465.

A purchase money mortgage has priority over all other mortgages executed by the vendee upon the same land, if the mortgage for the purchase money was given as part of the transaction of sale: Appeals of the National Bank, 91 Pa. 163 ; Britton's App., 45 Pa. 172.

A mortgage to secure purchase money given by the vendee, simultaneously with the conveyance of the land, does not necessarily lose that character because taken in the name of a person other than the vendee by the vendor's procurement : Campbell's App., 36 Pa. 247.

Whatever puts a party on inquiry amounts to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, where the inquiry if pursued would lead to the knowledge of the requisite facts : Cohen's App., 10 W. N. C. 544 ; Rixstine's Est., 3 Pa. 227.

Receipts, whether contained in deeds or elsewhere, are not conclusive of the payment of money, but only prima facie proof, and always open to explanation. An acknowledgment of the purchase money in the body of a deed and a receipt indorsed are not conclusive evidence of such payment, and may be rebutted by evidence: Nichols v. Nichols, 133 Pa. 455 ; Nichols v. Nichols, 149 Pa. 172.

OPINION BY MR. CHIEF JUSTICE STERRETT, July 21, 1898:

This appeal is from the decree of the court below confirming the auditor's report distributing the fund realized by the sheriff's sale of defendant's real estate. The fund in court was claimed by two mortgage creditors, each of whom asserted priority of lien. The auditor and court below awarded to appellee the full amount of his claim, with interest, on the ground that his security was in fact a purchase money mortgage. The residue of the fund was insufficient to pay appellant's claim in full. Hence this appeal.

No exceptions having been taken to the auditor's findings of fact, the question here is one of law alone. Briefly stated, the material facts are as follows: John Hizer died seized of the land from the sale of which the fund in court was produced. The Hizer heirs agreed to sell to one of their number, the defendant, for the consideration of $9,000, which included defendant's interest therein. The conveyancer, deeming it desirable to keep the title undivided, prepared two deeds. One from all the Hizer heirs to Jacob G. Custor, dated March 31, 1883, and the other from Custor to the defendant, John Hizer, dated April 2, 1883. Both deeds were actually executed and delivered on April 2, 1883, as one transaction. While the deeds, in which Custor was named as grantee and grantor, respectively, recited the consideration as $9,000, no money changed hands. Custor was used merely as a conduit to pass the title. Andrew Hizer, the appellee, agreed to let his interest remain in the land secured by a mortgage for $1,800, to be a purchase money lien, but instead of drawing the mortgage to Custor, and having him assign it to Andrew Hizer, the conveyancer made it payable directly to Andrew, but inserted a recital that it was given "for the better securing of the above stated amount of purchase money for the above described property." It was dated April 2,

1883, and was executed simultaneously with the deeds, but was not recorded until April 7, five days thereafter. For the purpose of raising the money to pay the other heirs their respective shares, defendant gave a mortgage to Charles and Isaac Johnson, on the same property, dated, executed, delivered and recorded on April 2; 1883. On September 1, 1886, this mortgage was assigned to Isaac Johnson, and on March 28, 1892, by Isaac Johnson's executors to the appellant. The receipts in both deeds, respectively, acknowledge that the grantors therein had received the full amount of the purchase money.

Appellant's contention is that, inasmuch as the chain of title does not disclose a purchase money mortgage, he is not visited with notice. This position assumes that a purchase money mortgage must be in the names of the vendee and vendor, in order to convey record notice; but the contrary was ruled in Albright v. Lafayette Building and Savings Association, 102 Pa. 411. Appellant also relies on the case above cited as authority for the position that the recital of payment of purchase money in the deeds and the difference in the dates and names of the parties were sufficient to mislead them, and thus, under the circumstances, postpone the lien of the purchase money mortgage. It may be conceded that this would be so if the purchase money mortgage had contained no recital of its true character; but, in the face of the recital above quoted, this position cannot be maintained. None of the recitals is conclusive. Merely stating that an instrument is given to secure purchase money will not give it priority, if in fact the money is advanced by a stranger: Nottes's Appeal, 45 Pa. 361; Dungan v. American Life Ins. and Trust Co., 52 Pa. 253. Nor is an acknowledgment of receipt of the purchase money conclusive; Watson v. Blaine, 12 S. & R. 136; Hamilton v. McGuire, 3 S. &. R. 355; Nichols v. Nichols, 133 Pa. 438, 455. The same is true as to the dating of an instrument: Jordan v. Cooper, 3 S. & R. 564, 580. While such recitals are not conclusive, they may amount to such notice as makes inquiry a duty. If appellant had searched the records he would have found appellee's mortgage; and he would have been thus notified that it was for purchase money. The dates and the names of the parties were not inconsistent or conclusive, and proper inquiry would have disclosed the facts as they actually were.

It is not universally true that "a purchaser may content himself with the inspection of the records." There are many facts outside the record about which he must inquire or suffer the consequences. Whatever puts a party upon inquiry amounts to notice, provided the inquiry becomes a duty; as in the case of purchasers and creditors where the inquiry if pursued would lead to knowledge of the requisite facts.

It is unnecessary to pursue the subject further. Enough has been said to show that the conclusions reached by the auditor and court below were substantially correct.

Decree affirmed and appeal dismissed at appellant's costs.