# Fenton v. Fenton, Appellant.

*Mortgage—Dower—Merger—Decedent's estates.*

An owner of a farm died intestate leaving to survive him a widow and four children. One of the sons agreed to purchase for a sum stated the interest of the widow and the other three children. A deed was then made to the son by the widow and the other three children. On the same day the son executed a mortgage to a trustee conditioned for the payment of an amount equal to one third the amount of the purchase money at the death of the widow to the trustee, with interest on the same to be paid annually to the widow. The trustee was the administrator of the intestate. Subsequently the son executed a second mortgage under which the farm was thereafter sold subject to the lien of the first mortgage. After the death of the widow the trustee of the first mortgage issued a scire facias. The purchaser under the second mortgage claimed that the amount of the son's interest in the first mortgage had merged with his interest in the land as a purchaser, and that therefore the amount of the judgment should be reduced by the amount so merged. *Held*, that as the son had not pursued the statutory method by partition proceedings in acquiring his father's land, but had taken a direct deed from the other parties in interest, there was no merger of his interest in the first mortgage with his interest in the land.

Argued Feb. 11, 1904. Appeal, No. 298, Jan. T., 1903, by defendant, from judgment of C. P. Bucks Co., Sept. T., 1903, No. 19, on verdict for plaintiff in case of Joseph T. Fenton, Trustee, v. John C. Fenton, Mortgagor, and Theodore Cornell, Owner. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ. Affirmed.

Scire facias sur mortgage. Before YERKES, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,643.33. Defendant appealed.

*Error assigned* among others was in entering judgment for plaintiff on the verdict on the question reserved.

*John C. Swartley*, with him *Henry Lear*, for appellant.— John C. Fenton's interest on the mortgage was merged in the land: Reigle v. Seiger, 2 P. & W. 340; Dull's Est., 137 Pa. 116; Hellenberger v. Yaukey, 145 Pa. 179; Henderson v. Stryker, 164 Pa. 170; Baldwin v. Siner, 16 Pa. Superior Ct.

8 ; Steckel v. Koons, 102 Pa. 493 ; Duey. v. Clements, 1 Pa. 118.

The interest of John C. Fenton in the principal of his mother's dower secured upon his own land by his mortgage thereon being extinguished, or merged in the land, passed at the sheriff's sale thereof to the purchaser, Theodore Cornell, one of the defendants in this suit, and no recovery can be had against him for said share or interest: Freitz v. Heller, 2 W. & S. 397 ; Reigle v. Seiger, 2 P. & W. 340; Bank of Penn. v. Wise, 3 Watts, 394.

The mortgage is satisfied by operation of law in an amount equal to the share of John C. Fenton therein : Henderson, Hull & Co. v. Stryker, 164 Pa. 170 ; Dull's Est., 137 Pa. 116 ; Baldwin v. Siner, 16 Pa. Superior Ct. 8 ; Reigle v. Seiger, 2 P. & W. 340.

*William C. Ryan,* with him *John D. James* and *Frank R. Shattuck,* for appellee.—The principal of the mortgage in question is not dower, but something substituted for dower by all the parties in interest: Luther v. Wager, 107 Pa. 343 ; Wilson v. Shoenberger, 31 Pa. 295 ; Moore v. Cornell, 68 Pa. 320.

No part of said mortgage has been paid by operation of law ; the land charged with the lien thereof is bound to the extent of the whole amount of the principal and the interest due thereon : Cox v. Ledward, 124 Pa. 435.

OPINION BY MR. JUSTICE DEAN, March 7, 1904:

Simon V. Fenton died intestate October 10, 1871, the owner of a farm of about sixty-six acres in Bucks county, leaving a widow, Ann L. Fenton, and four children, Elizabeth, Joseph T., Maria, a lunatic, and John C.　The farm descended to the widow and children under the intestate laws, and they agreed to sell it to one of the sons, John C., and petitioned the orphans' court for leave to join with the committee of Maria, a lunatic, in a sale to him.　Whereupon the court appointed an auditor to report upon the facts.　He reported that the widow and children had agreed to sell the farm to John C. for the sum of $10,000, in which was included the widow's dower to remain secured upon the premises.　Whereupon the court approved the report and confirmed the sale ; the widow and all the children, except

John C., then joined in a conveyance to him of the farm by deed of April 1, 1892; on the same day John C. executed a mortgage upon the farm to Pierson Mitchell, administrator of Simon V. Fenton, the ancestor, conditioned for the payment of $3,333.33 at the death of the widow, Ann L., to said administrator, with interest on said sum to be paid annually to the widow, the payment being specified as part of the purchase money of the farm.

On May 6, 1893, John C., the purchaser, executed a second mortgage to Daniel Dewees on the farm for the payment of $2,000, in one year, which Dewees assigned to Theodore Cornell, this appellant, who on default of payment had the farm sold subject to lien of the first mortgage and became the purchaser. Ann L. Fenton, the widow, died October 24, 1902, when by the terms of the mortgage it became payable ; Mitchell, the mortgagee, having died, the court appointed Joseph T. Fenton trustee to collect the same, who obtained judgment for the full amount, $3,643.33 debt and interest.

At the trial of the scire facias on the mortgage to secure the widow's dower interest in the land the court directed a verdict for the full amount in favor of the trustee, reserving the question as to whether the amount of John C. Fenton's interest in the mortgage had merged with his interest in the land as a purchaser, and therefore the amount of the judgment should be reduced by the amount so merged. Afterwards the court entered judgment on the point reserved in favor of plaintiff and we have this appeal by Cornell, the first purchaser, who claims that the interest of John C. in the first mortgage merged in his interest as a purchaser of the farm from his mother and the heirs, therefore passed under the second mortgage to him as purchaser at the sale under that mortgage. There is no doubt whatever as to the rule applicable to the distribution of the principal of a widow's dower among those entitled to it at her death, where the land had been accepted under proceedings in partition by one of the heirs and the payment of the principal of the dower has been secured at her death to the other heirs. The rule was at an early day announced in Reigle v. Seiger, 2 P. & W. 340 :

" A son who accepts his father's land at a valuation in the orphans' court takes it subject to interest on a third of the

valuation, when there is a widow, and to payment of the other children's shares of the principal at her death. In respect to his own share he has nothing to pay or to receive. Being in his own hands it is paid presently by the operation of the law; and when land so taken is sold at sheriff's sale, expressly subject to the payment of the whole third of the valuation at the widow's death, such son can never recover any portion of that third."

It has been followed in Stecker v. Shimer, 5 Wh. 452, Duey v. Clemens, 1 Pa. 118, and in many later cases. All these cases, however, rest upon the statutory fact that the widow's interest under the intestate laws is an estate in the land which estate she may voluntarily relinquish but of which she cannot otherwise be deprived. But consider the records before us : On October 10, 1871, the husband died; the widow and heirs agreed to sell the land to John C. Fenton for the consideration of $10,000, not that he should in proceedings in partition or at a valuation under the intestate laws, take it; then on April 1, 1872, she and all the heirs except John C. joined in an absolute deed to him; this placed in him an absolute, legal and equitable title divested of every possible outstanding interest in either the widow or heirs. But at this point the widow's interest is not secured nor is that of the heirs in the principal sum. The statutory mode points out fully how this may be done where one of the heirs accepts the property in compulsory proceedings in partition, but they are not bound to adopt the statutory mode in the division of the ancestor's estate, but may agree on some other method of division, just as they did in this case. On the same day the deed was delivered, John C. executed to a trustee a mortgage upon the farm to secure to the widow the interest annually during her life on $3,333.33 and the payment of the principal to the heirs of his father at her death.

Thus this sum was no longer an estate in the land but a debt secured by a mortgage on the land. It is wholly immaterial that the mortgage was the exact value of the widow's and children's interest in the land, it was plainly a substitution of a wholly different form of security for that which proceedings in partition provided. The mortgage was but a chose in action : Wilson v. Shoenberger, 31 Pa. 295 ; Moore v. Cor-

nell, 68 Pa. 320. To work a merger by operation of law of John C. Fenton's share in the mortgage with his estate in the land in the absence of any express intention that the interests should merge, both must have been estates in the land, which they were not, for the mortgage was only a security for his debt. Merger is largely a question of intent: Danhouse's Estate, 130 Pa. 256 ; Carrow v. Headley, 155 Pa. 96. Instead of an intent to merge his interest in the mortgage with his estate in the land all the writings plainly indicate an intent not to merge them.

· The learned judge of the court below properly held that there was no merger. · Therefore the judgment on the point reserved is affirmed.