## Bonstein v. Schweyer, Appellant.

*Dower—Sale—Mortgage—Decedents' estates.*

Where a widow conveys her interest in her husband's land and takes a mortgage from the vendee, whatever estate she has in the land is extinguished, and there remains to her simply a chose in action secured by the mortgage.

*Mortgage—Contemporaneous mortgages—Recording acts—Discharge of mortgage.*

Where two mortgages on the same land are left on the same day and at the same moment in the recorder's office, a sale under one of the mortgages will discharge the other; and it is immaterial that the mortgage under which the sale was made followed the other in the mortgage book. In such a case priority in the mortgage book gives no priority of lien.

Argued March 7, 1905. Appeal, No. 54, Jan. T., 1905, by defendants, from order of C. P. Northampton Co., Dec. T., 1904, No. 26, making absolute rule for judgment for want of a

sufficient affidavit of defense in case of Jerome J. Bonstein, executor of Susanna Wagner v. Frank C. H. Schweyer, Albert S. Rabenold and W. H. Deshler. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for balance of purchase money.

Rule for judgment for want of a sufficient affidavit of defense. SCHUYLER, P. J., stated the facts to be as follows:

One John Wagner being seized of a certain farm died intestate, leaving to survive him a widow, Susanna, and three daughters to wit: Susanna, Eva and Rebecca. After his death, his widow and the two daughters, last named, executed a release to the remaining daughter, Susanna, of all their right, title and interest in and to said farm. On the same day Susanna, the daughter, executed two mortgages on the farm, one to the widow for $4,250, and the other to Eva for $2,833.34, both of which were entered for record simultaneously. As a next step the latter mortgage was foreclosed resulting in a sheriff's sale of the farm to Susanna, the daughter. At the sheriff's sale a written notice was given to the sheriff by Eva and Rebecca as follows : " The farm to-day to be sold by you is sold subject to a dower in favor of Susanna Wagner, the principal payable at death by Susanna Wagner, widow of John Wagner, deceased. The amount of the dower so charged is two-thirds of $4,250." Subsequently the daughter Susanna having died in the interim, her executor, the present plaintiff, sold the farm to the defendants. A dispute having arisen, as foreshadowed by the above notice, it was agreed between the parties in interest that the purchasers might retain two-thirds of the $4,250, to wit: $2,833.34 to await a " decision of the court " as to which of the claimants is entitled to the money. It is admitted that if the lien of the $4,250 mortgage was discharged by the sheriff's sale, then the money belongs to the plaintiff, and that otherwise it belongs to Eva and Rebecca. The present action has been brought to recover the said $2,833.34 representing as it does the balance of the purchase money admitted to be due.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Calvin F. Smith,* with him, *James B. Deshler,* and *C. A. Groman,* for appellants.—The paging in the mortgage book conclusively establishes the priority of entry : Woods' App., 82 Pa. 116.

Where one purchases land at a sheriff's sale upon condition that it be sold subject to a lien which would otherwise be divested, the purchaser takes the land subject to such lien. Tospon v. Sipe, 116 Pa. 588 ; Crooks v. Douglass, 56 Pa. 51 ; Zeigler's Appeal, 35 Pa. 173 ; Ashmead v. McCarthur, 67 Pa. 326.

*H. J. Steele,* for appellee.—A sale on one of two contemporaneous mortgages of equal lien discharges both : Dungan v. American Life Ins. & Trust Co., 52 Pa. 253.

Under such circumstances neither mortgage is "prior to all other liens on the same property : " Magaw v. Garrett, 25 Pa. 319.

No estate remained in the widow : Steckel v. Koons, 102 Pa. 493 ; Henderson v. Stryker, 164 Pa. 170 ; Kreamer v. Fleming, 191 Pa. 534 ; Haines v. Eshleman, 25 Pa. Superior Ct. 381 ; Fenton v. Fenton, 208 Pa. 358.

A sheriff is bound to sell the debtor's whole interest in the land and, therefore, the notice given at this sale was inoperative to prevent the transfer of the entire interest of the mortgagor and the property covered by the mortgage : Reigle v. Seiger, 2 P. & W. 340 ; Rogers v. Davidson, 4 Penny. 472.

OPINION BY MR. JUSTICE BROWN, May 8, 1905 :

There is no denial in the affidavit of defense of any material fact averred in the plaintiff's statement. Sometime prior to April 4, 1877, John Wagner, late of the township of Lower Nazareth, county of Northampton, this state, died intestate, leaving to survive him a widow, Susanna Wagner, and three children : Susanna Wagner, Jr., Eva Matilda, married to Barnet Laubach, and Rebecca Elizabeth, married to John J. Young. He was the owner of a tract of land situated in the said township, containing a little over 100 acres. On April 4, 1877, by a deed of release the widow and the two daughters, Mrs. Laubach and Mrs. Young, in consideration of the sum of

$8,783.33, conveyed "all their right, title and interest in said premises" to Susanna Wagner, Jr.  On the same day she executed two mortgages on the land, one to Susanna Wagner, her mother, for $4,250, and the other to her sister, Mrs. Laubach, for $2,833.34.  For what purpose these mortgages were given does not appear in the statement, nor is it material in determining the question raised on this appeal.  If the one executed to the widow was to secure her interest in her intestate husband's land, it secured the same to her only as a debt due by her daughter Susanna, the grantee of herself and the other two children : Fenton v. Fenton, 208 Pa. 358.  What would have remained as an estate in the land for the widow became but a chose in action.  By the deed executed by the mother and the two married daughters all their estate in the land of the husband and father passed to the daughter Susanna, and what, without such deed, would have remained an estate in the land for the benefit of the widow was extinguished. The case as presented is simply that of an owner of land executing two mortgages to two different mortgagees to secure the payment of two sums borrowed.  These mortgages were both left in the recorder's office and entered of record at the same time—9:30 A. M., April 14, 1877.  The one given to the widow was recorded in mortgage book No. 34, page 81 and the other in the same book at page 83.  In 1898 a scire facias was issued on the mortgage given to Mrs. Laubach, judgment recovered and the premises sold by the sheriff, Susanna Wagner, Jr., again becoming the purchaser of it.  At the sheriff's sale Mrs. Laubach and Mrs. Young gave notice that the property would be sold subject to a dower in favor of Susanna Wagner, two-thirds of the principal, $4,250, to be payable at her death.

The widow of John Wagner, as already shown, had no dower in the premises at the time of the sheriff's sale, and the notice of the two daughters amounted to nothing.  Even if the dower had not been extinguished, its existence would have had no bearing on the principal question raised below and on this appeal, which is : Did the sale on the mortgage given to Mrs. Laubach divest the lien of the one given to Mrs. Wagner, the widow?  While this is hardly to be considered a question, we must pass upon it because it has been raised by the appellants, the vendees of the executor of Susanna Wagner, Jr., and W.

H. Deshler, their surety for the payment of the balance of the purchase money.

By the Act of March 28, 1820, 7 Sm. L. 303, it is the duty of the recorder to indorse the time—hour and minute—when a mortgage is left with him for record, and the lien of it on the land described in it commences from that time of the day. The act further provides that if two or more are left for record upon the same day, they shall have priority according to the time they are left at the office for record. These two mortgages were left at the office for record on the same day and at the same moment of time—9:30 A.M., April 14, 1877. Neither had priority over the other. The lien of each commenced at precisely the same moment. There can be no answer to this, in the face of the words of the statute; but the appellants contend, and with apparent seriousness, that the lien of the mortgage given to the widow was prior to that of the one given to the daughter, because, according to the pages in the mortgage book, it was recorded first. It was recorded on page 81, and the other on page 83, and the position of the appellants, as they state it, is "that the paging in the mortgage book conclusively establishes the priority of entry," and, therefore, priority of lien. It was impossible to record the two mortgages at the same instant in the same mortgage book. One had to appear there first, but the page on which it appeared had nothing to do with its lien. That commenced the moment the arrival of the mortgage in the recorder's office was noted by the recorder, and, in contemplation of law, it was recorded from the moment it was left for record. As a matter of universal experience, we know that mortgages and deeds are not actually recorded as soon as they are brought into the office, because it is not possible to so record them. They accumulate in the office for record. Those brought first are first recorded, and in time all are recorded.

Under the contention of the appellants, as it must be understood, no mortgagee is safe with the lien of his mortgage, as against other mortgagees, until his mortgage is actually recorded in the mortgage book. Of this proposition serious consideration could hardly be expected, and certainly will not be given to it. As the lien of the mortgage to the widow was not prior to that given to the daughter, it was not preserved

by the act of assembly. The sheriff's sale divested the lien of each. The other question raised was also properly disposed of by the court below.

Judgment affirmed.