# Dull v. Slater, Appellant.

*Decedent's estate—Charge on land—Orphans' court sale.*

Upon the sale by an administrator under order of court for the payment of the debts of a decedent, the liability of the purchaser for the amount of his bid is fixed by the return and confirmation, and he cannot set up in an action to enforce it either a failure of title, misrepresentations by the administrator, or other matter attacking the validity of the sale.   His day in court to make such objection is at the return of the sale, and if he submits to the decree of the court confirming it, he cannot afterwards be heard against it collaterally.

A purchaser at an orphans' court sale, who buys land for a specific price, cannot afterwards be heard to contend that what he bought included and carried back to him any portion of the money be expressly agreed to give.

Where land is sold at an orphans' court sale charged with a sum of money,

the interest of which was payable to the decedent's mother during her life, and the principal after her death to the heirs of decedent's father, who died intestate, and the purchaser agrees that the charge shall remain as theretofore, the purchaser cannot, after the widow's death, claim that he is not liable to pay any portion of the fund to the heirs at law of the decedent as whose estate the land was sold.

Argued April 16, 1906. Appeal, No. 38, April T., 1906, by defendants, from order of C. P. Fayette Co., Sept. T., 1904, No. 127, making absolute rule for judgment for want of a sufficient affidavit of defense in case of George Walter Dull et al. v. Joseph D. Slater, with notice to Charles P. Newell, Terre-tenant. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Affirmed.

Assumpsit to enforce a charge on land. Before UMBEL, J. The facts are stated in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*E. C. Higbee,* of *Sterling, Higbee, Dumbald & Brown,* for appellant.—It has been uniformly held that where one of several heirs accepts land charged with a sum of money, the interest of which is payable to decedent's widow during her life, and the principal thereof, on the widow's death, is payable in equal shares to the decedent's children, the interest of said acceptant in said principal sum is paid and extinguished by operation of law: Duey v. Clemens, 1 Pa. 118; Updegrove v. Updegrove, 1 Pa. 136; Erb v. Huston, 18 Pa. 369; Stecker v. Shimer, 5 Wharton, 452; Reigle v. Seiger, 2 Pa. & W. 340; Dech v. Gluck, 47 Pa. 403; Steckel v. Koons, 102 Pa. 493; Hollenberger v. Yaukey, 145 Pa. 179.

*F. P. Rush,* of *Johnson & Rush,* for appellees.—The charge was specifically continued by order of the orphans' court, under the authority of which the appellants derived title to said lands, and was a part of the consideration to be paid by Slater for the lands. That in such a case the charge does not merge and pass to the vendee is settled by abundance of authority: Dech v. Gluck, 47 Pa. 403; Kline v. Bowman, 19

Pa. 24; Erb v. Huston, 18 Pa. 369; Updegrove v. Updegrove, 1 Pa. 136; Fenton v. Fenton, 208 Pa. 358; Van Ormer's Estate, 25 Pa. Superior Ct. 234; Carrow v. Headley, 155 Pa. 96; Danhouse's Estate, 130 Pa. 256.

That Slater, who purchased at the orphans' court sale, and Newill, his vendee now holding title to said lands by virtue of that court's decree, cannot question the validity of said decree or escape payment of the purchase money for said lands as prescribed by it, is too well settled to admit of doubt: Fahrig v. Schimpff, 199 Pa. 423; Richter v. Fitzsimmons, 4 Watts, 251; Herr v. Herr, 5 Pa. 428; Sackett v. Twining, 18 Pa. 199; King v. Gunnison, 4 Pa. 171; Vandever v. Baker, 13 Pa. 121; Unangst v. Kraemer, 8 W. & S. 391; Pringle v. Rogers, 193 Pa. 94.

OPINION BY HEAD, J., October 5, 1906:

Daniel W. Dull died on May 5, 1891, intestate, leaving him to survive, a widow Rebecca Dull, since deceased, and five children, the plaintiffs in the present action. At the time of his death he was the equitable owner of a tract of land containing some eighty-seven acres. This land had formerly belonged to his father, George Dull, who died seized thereof, intestate, in 1880, leaving him to survive a widow, Margaret B. Dull, and nine children, of whom said Daniel W. was one. Shortly after the death of said George Dull, his widow and eight children, other than Daniel, all being of full age, agreed to sell and convey the said tract of land to Daniel for the sum of $3,000, of which $2,000 were to be paid in cash presently. The balance of $1,000 was to remain in his hands charged on the land, the interest thereof to be paid annually by him to said widow, his mother, during her natural lifetime and at her death the principal thereof to be paid to the legal heirs of said George Dull in like manner as if said real estate had been awarded or decreed to said Daniel by the orphans' court in proceedings for partition. Daniel took full possession of the land pursuant to said agreement and paid the $2,000 of purchase money which are not in any way in controversy now, but the legal title remained in his mother, brothers and sisters.

Upon the death of Daniel, it is manifest that all of his title

and interest in said land became at once fully vested in his children, the present plaintiffs, without any regard to the fact whether he was in debt or not, whether he was solvent or insolvent. It was, of course, liable to be taken from them, as it could have been taken from him, for the payment of his debts; but until so taken the land belonged to the children and not to his creditors.

In due time the administrator of the estate of Daniel applied to the orphans' court for an order to sell his real estate for the payment of his debts. The order to sell, after describing the land, contains the following: "the said tract being subject to a charge of One Thousand Dollars during the lifetime of said Margaret B. Dull, widow, and then payable to the heirs of George Dull deceased, . . . . on the following terms: 10 per cent. of purchase money to be paid on the day of sale, etc." To this order the administrator made return that after advertisement, etc., he sold the land at public sale at the place and time designated in the order "to Joseph D. Slater for Twenty-four Hundred and Eighty Dollars, . . . . which sale was made on the terms specified in the within order, to-wit: $1,000 thereof to remain charged on said real estate during the lifetime of Margaret B. Dull, widow of George B. Dull, deceased, the interest thereof to be paid to her annually during her lifetime and at her death the principal thereof to the heirs of George Dull, deceased; $200.00 thereof to be paid to the executors or administrators of said Margaret Dull, ten per cent. of the balance of the purchase money to be paid on the day of sale, etc." The return further stated that the purchaser was willing to pay the whole of the purchase money remaining over and above the $1,000 and $200 specifically mentioned, viz., $1,280 in cash, and prayed that with the terms of sale thus amended the sale might be confirmed and he be authorized to execute and deliver a deed upon receipt of the $1,280 in cash. This return was absolutely confirmed in due course "upon terms amended as therein prayed for," without objection from any source, and no proceeding to modify, correct or set it aside has ever been instituted by anyone.

Upon the death, in 1900, of Margaret B. Dull, widow of George, the plaintiffs brought this action against the purchaser, to recover two-ninths of the $1,000 of purchase money

held up by the purchaser, under the terms of sale, to await that event. One of these ninths was the original share of their father, Daniel Dull, the other the share of one of his sisters, Lucinda Brooks, which the said Daniel had acquired by purchase in his lifetime. The purchaser filed an affidavit of defense which was deemed inadequate by the court below, and a rule for judgment, for want of a sufficient affidavit, having been made absolute, this appeal was taken.

The appellant contends, in the first place, that the share of Daniel in the $1,000, and as well any share he acquired by purchase, merged in the estate which he took in the land itself; that at the orphans' court sale there was sold and bought the complete and entire title and interest of Daniel Dull in the land, and that therefore the purchaser, the appellant, not only bought the land, but, with it and bound up in the title he took, the two shares of the $1,000 now sued for. To support his contention the appellant cites and relies upon a line of decisions beginning with Reigle v. Seiger, 2 P. & W. 340, and ending with Hollenberger v. Yaukey, 145 Pa. 179. It may be conceded that a sheriff, for instance, is but an executive officer, and where required, by the mandate of his writ or the law, to levy upon and sell all the interest and estate of a defendant in a tract of land, he can make no terms of sale that would result in the purchaser, at such sale, taking any other estate than what the law would cast on him. But had Daniel Dull, in his lifetime, conveyed his land to a purchaser, who had expressly agreed that out of the purchase price he would hold up the sum of $1,000 during the life of Margaret Dull, paying the interest thereon annually to her, and at her death the principal to the heirs at law of George Dull, securing such payments by a mortgage, it must be also conceded that such purchaser could not set up the doctrine of merger as a defense to the payment of any part of the mortgage debt. This has been expressly held in Fenton v. Fenton, 208 Pa. 358. In the present case the widow and heirs of George Dull contracted to sell to Daniel all the estate and interest they, or any of them, had in the land for a stipulated sum to be paid in a manner agreed on. They did not execute a deed and take a mortgage to secure the deferred payment, it is true, but held the legal title as the security for it. But in what essential respect does that fact

make the present case differ from Fenton v. Fenton, 208 Pa. 358? The legal title was but a security for the payment of the purchase money, and, in effect, a mortgage. Mr. Justice DEAN, in the case last cited, after referring to Reigle .v. Seiger, Stecker v. Shimer, 5 Whart. 452, and kindred cases, says: " All these cases, however, rest upon the statutory fact that the widow's interest under the interstate laws is an estate in the land, which estate she may voluntarily relinquish,.but of which she cannot otherwise be deprived." After referring to the execution of the deed and the mortgage to a trustee securing the payment to her and the heirs of the interest and principal of one-third of the purchase money, the opinion proceeds : " Thus this sum was no longer an estate in the land, but a debt secured by a mortgage on the land. It is wholly immaterial that the mortgage was the exact value of the widow's and children's interest in the land; it was plainly a substitution of a wholly different form of security for that which proceedings in partition provided. . . . To work a merger by operation of law of John C. Fenton's share in the mortgage with his estate in the land, in the absence of any express intention that the interests should merge, both must have been estates in the land, which they were not, for the mortgage was only a security for his debt."

It may, therefore, be seriously doubted, under the reasoning and authority of Fenton v. Fenton, 208 Pa. 358, that the share or shares of Daniel Dull in the portion of the purchase money payable after the widow's death, and to secure the payment of which alone the legal title was retained by his vendors, could or would, in the absence of any expressed intention to that effect, merge in the estate in the land he acquired by his purchase.

But the proper disposition of the question now before us does not require us to consider or determine to what extent the doctrine of merger contended for would have operated had Daniel Dull, in his lifetime, made a. general conveyance of his land without expressly reserving to himself his shares in the charge of $1,000, running with the land, or had his real estate been levied on and sold by the sheriff to satisfy his creditors. Its true solution is to be found in the application of another and long-established legal principle. The rights and obligations of the appellant Slater had their inception in the contract

into which he entered when he became a bidder at the sale. That contract is not only evidenced by a writing, but by the record of a court whose final decrees cannot be attacked in any collateral proceeding. The amount of money he must pay to complete his contract has been judicially ascertained, and having permitted the absolute confirmation of the sale by the court, upon terms so plain and specific that there is no room for contention as to their meaning, he cannot now be permitted indirectly to nullify or modify that final decree, or defend against the payment of any portion of the purchase money he then solemnly bound himself to pay. It concerns him not whether Daniel Dull died solvent or insolvent or whether the portion of the purchase money which he has never yet paid reaches the pockets of creditors or heirs. As to all these matters he is a stranger, a volunteer, without standing to be heard. It is sufficient for him that he has the land he bought, that he is called upon to pay only what he agreed to pay, and will not be subjected to any possible danger of paying twice. More than this he cannot ask.

"Upon the sale by an administrator under order of court for the payment of the debts of a decedent, the liability of the purchaser for the amount of his bid is fixed by the return and confirmation, and he cannot set up in an action to enforce it either a failure of title, misrepresentations by the administrator, or other matter attacking the validity of the sale. His day in court to make such objection is at the return of the sale, and if he submit to the decree of the court confirming it, he cannot afterwards be heard against it collaterally:" Fahrig, Administratrix, v. Schimpff, 199 Pa. 423.

In Dech v. Gluck, 47 Pa. 403, the distinction between a sale by an orphans' court and by a sheriff, in respect to the doctrine of merger, is clearly drawn and well sustained in a careful review of the authorities. The court there holds that a purchaser at an orphans' court sale, who buys land for a specific fixed price, cannot afterwards be heard to contend that what he bought included and carried back to him any portion of the money he expressly agreed to give. See also Erb v. Huston, 18 Pa. 369. These cases we regard as decisive of the main question now in controversy.

If the defendant Slater is liable to pay it needs no citation

of authority to prove that the present plaintiffs, the children of Daniel Dull and grandchildren of George Dull, are the proper parties to maintain the action.

Nor can they be affected or estopped by anything put into his deed by the administrator, which sought to change in any way the decree of confirmation. They were not parties to it. Their rights as well as the liability of the purchaser are conclusively fixed by the said decree.

That an action of assumpsit can be maintained to recover a sum of money charged on land is held in De Haven v. Bartholomew, 57 Pa. 126, and in many cases there cited. If Newill, the other defendant, is a terre-tenant by virtue of an unrecorded deed or was even in possession of the land, the act of assembly, now regulating the service of process in actions like the present one, requires that he be brought into court and made a party to the record. The judgment entered by the court below being general as to Slater, the purchaser, and de terris as to Newill, the terre-tenant, properly fixes the liability and protects the rights and equities of each of them. Upon a careful review of the whole case we are all of opinion that judgment was rightly entered for the plaintiffs.

Judgment affirmed.