Gus DAHLSTROM, Appellant, v. Unknown Claimants and M. ABLIETER.

**Mortgages:** CONCURRENT LIENS: EFFECT OF ASSIGNMENT. Separate mortgages simultaneously executed, between the same parties and covering the same property are not necessarily to be regarded as a single instrument, but each as a distinct contract complete in itself; and when simultaneously filed they create concurrent liens, and in the absence of an agreement the assignment of one will not give it priority over the other.

**Same:** FORECLOSURE OF ONE CONCURRENT MORTGAGE: EFFECT. The foreclosure by the mortgagee of one of two concurrent mortgages covering the same property, after an unrecorded assignment of the other, will not discharge the assigned mortgage; the assignee not having been made a party to the foreclosure and there having been no reference to the assigned mortgage in the foreclosure proceedings.

*Appeal from Mitchell District Court.*—HON. C. H. KELLY, Judge.

WEDNESDAY, APRIL 10, 1912.

ACTION was begun to quiet title against unknown owners. M. Ablieter answered by pleading that he held a mortgage by assignment on the land, and prayed that it be established as a lien thereon. The petition was dismissed, and plaintiff appeals.—*Affirmed.*

*F. T. Van Liew* and *Stoughton & Brown,* for appellant.

*Springer, Clary & Condon, R. Feyerbend,* and *Geo. E. Marsh,* for appellees.

LADD, J.—One Woodward, who owned the two hundred and thirty-four acres of land in controversy, executed two mortgages thereon to Shaffer Bros. on the same day, one to secure the payment of two notes of $1,000 each, dated January 15, 1907, payable five years after date, and the other to secure the payment of a note of $6,000 dated January 15, 1907, and payable five years after date. These mortgages were filed for record at the same time. On the same day, Woodward executed a deed of conveyance, subject to these mortgages, to the International Land Company. The plaintiff recovered judgment against this company for $2,400 and costs June 1, 1908, having previously caused the land to be attached, a special execution issued, and the land in controversy was sold thereunder, and the sheriff's deed executed to plaintiff December 14, 1909. Shaffer Bros. instituted foreclosure proceedings on the $2,000 mortgage, and decree of foreclosure was entered October 14, 1908. Special execution issued, and the land covered thereby was sold by the sheriff December 2d following. The certificate of sale was issued to Shaffer Bros.,

and by them assigned to plaintiff, to whom the sheriff's deed was executed December 13, 1909. The $6,000 mortgage was not referred to in the proceedings. It, with the note for that amount, had been assigned in writing to M. Ablieter of Boscobel, Wis., October 11, 1907. The assignment, though acknowledged by Shaffer Bros., was never recorded. This action to quiet title against unknown claimants was begun September 9, 1910. M. Ablieter filed an answer in October following, in which he set up the execution of the $6,000 note and mortgage, the assignment to him for value, and prayed that the said mortgage be established as a lien against the land, and that as to him the petition be dismissed. The contention of the plaintiff is that the transaction as recited had the effect of divesting the $6,000 mortgage, and that he is entitled to the land with the lien thereof discharged. On the other hand, the defendant says that, inasmuch as this mortgage had been assigned to him long before plaintiff acquired any interest in the land and prior to the foreclosure of the $2,000 mortgage, it was not released or discharged by the foreclosure thereof and the redemption by plaintiff effected by taking an assignment of the sheriff's certificate of sale, and that, in any event, such foreclosure proceedings were void because of a defect in the proceedings.

As both mortgages were executed by the same mortgagor to the same mortgagee on the same day, this may have been done as part of the same transaction, but from this circumstance alone it is not to be inferred that the notes were given as evidencing portions of the same indebtedness, nor that the mortgages are to be treated as parts of a single instrument. Each mortgage is complete in itself, and is to be regarded as a distinct contract. *McDonald v. Second National Bank*, 106 Iowa, 517.

The mortgages having been executed on the same day by and to the same parties and filed for record the same

1. MORTGAGES: concurrent liens: effect of assignment.

instant were simultaneous and their liens concurrent, and as there was no agreement, express or to be implied, as to which should be superior, the assignment of the $6,000 mortgage to Ablieter did not give it priority over the other. *Perry's Appeal*, 22 Pa. 43 (60 Am. Dec. 630); *Vredenburgh v. Burnet*, 31 N. J. Eq. 229; *Greene v. Warnick*, 64 N. Y. 220; *Stafford v. Van Rensselaer*, 9 Cow. (N. Y.) 316. Even when part of the notes secured by the same mortgage are assigned, priority of the security is not affected thereby; this being determined by the order of maturity of such notes. *Massie v. Sharpe*, 13 Iowa, 542; *Hinds v. Mooers*, 11 Iowa, 211; *Rankin v. Major*, 9 Iowa, 297. Such has always been the rule in this state, though there are authorities to the contrary elsewhere, and there is no sound reason for giving any greater effect to the transfer of one of two simultaneous mortgages. Both mortgages rank as equal liens without priority or preference to either, whether in the hands of the mortgagee or of another under an assignment, unless superior equities in favor of the one or the other is otherwise shown. 1 Jones, on Mtgs. sections 534-535, 607-a; *Riddle v. George*, 58 N. H. 25.

Had Shaffer Bros. retained the $6,000 mortgage, it might have been necessary to have protected it as well as the owner of the premises in the foreclosure of the $2,000 mortgage by either bidding enough for the land to satisfy both or by redeeming from the sheriff's sale on that foreclosure. *Wells v. Ordway*, 108 Iowa, 86. But they had assigned the larger mortgage to the defendant Ablieter long before foreclosure suit was begun. The latter might well have been made a party defendant. Wiltsie on Mtg. Foreclosure, section 184; *Potter v. Crandall*, 1 Clarke Ch. (N. Y.) 119. Had this been done, the relative rights of the respective lienholders in the security, whether or not sufficient to satisfy both, might have been determined. As

2. SAME: foreclosure of one concurrent mortgage: effect.

he was not a party, the extent of his lien has never been adjudicated. The mortgagor in executing the simultaneous mortgages must have done so with the knowledge that either might be assigned, and, after this has happened, there is no just ground for denying the assignee the security his separate mortgage was intended to afford on the ground that the holder of the other mortgage has foreclosed without making him a party. Had the mortgagor or his grantee or assignee thought it essential to the protection of his interest that he be made a party, he should have insisted thereon by motion or otherwise. In *Van Aken v. Gleason,* 34 Mich. 477, the simultaneous mortgages were to different persons, and, though one had been foreclosed by advertisement, the court held that a bill in equity was necessary to marshal assets. In *Barber v. Cary,* 11 Barb. (N. Y.) 549, one of two contemporaneous mortgages was foreclosed, and, as against the mortgagor, the court held the bid above the amount necessary to satisfy the judgment should be applied in satisfaction of the other mortgage. In *Scott v. Featherston,* 5 La. Ann. 306, it was said that the sale there considered "under the concurrent mortgage did not extinguish the other mortgage created in the same act and at the same time."

Had these mortgages been made to different mortgagees at the same time, and filed for record at the same instant, there could be no doubt but that the foreclosure of one without making the owner of the other, whether original mortgagee or the assignee, a party, would not have discharged the other. The situation is practically the same where the mortgagee to whom two contemporaneous mortgages have been executed assigns one of them, and there is no good reason for saying that the foreclosure of one of the simultaneous mortgages to different persons shall not satisfy the other mortgage, and that the foreclosure of one of two such mortgages executed to the same person shall work the discharge of the other when assigned

to another. 27 Cyc. 303. The courts of but one state so hold, and, as no reason is given therefor in any of the decisions, we are content in saying that we do not care to follow them. See *Magaw v. Garrett*, 25 Pa. 319; *Dungan v. American Life Ins. & Trust Co.*, 52 Pa. 253; *Bonstein v. Schweyer*, 212 Pa. 19 (61 Atl. 447). In *Moffiitt v. Roche*, 76 Ind. 75, one mortgage was executed to secure the payment of promissory notes to several persons, and the court held that the foreclosure by the payee of one did not discharge the security as to others. And that court in *Murdock v. Ford*, 17 Ind. 52, applied the same rule where several installment notes maturing at different dates were secured by a single mortgage, declaring that such notes have priority in the order of maturity, and that the rights of one not made a party to whom a deferred note has been assigned are not affected by the foreclosure of an earlier note, and may redeem against the purchaser under such a decree. See, also, *Goodall v. Mopley*, 45 Ind. 355, and *Harris v. Harlan*, 14 Ind. 439. But the rule is otherwise in this state. In *Clayton v. Ellis*, 50 Iowa, 590, it was held that the assignee of a part of the mortgage debt can not redeem from a sale upon foreclosure, and in *Harms v. Palmer*, 61 Iowa, 483, where several installments matured by provision of the mortgage and some of them had been transferred, the assignee instituted foreclosure proceedings, and, upon decree being entered, caused all the land save the homestead to be sold thereunder, and, a supplemental decree subsequently being entered, the homestead also was sold. At this time a decree of foreclosure was entered on the installment notes retained by Palmer, the original payee. The latter undertook to redeem the homestead on the theory that he was a junior lien holder. The owner of the homestead having parted therewith, his wife also applied to redeem the homestead. The court held she was entitled to do so, and that Palmer had no right to redeem, saying that the

burdens of the mortgagor might not thus be increased by the transfer of a part of the notes secured saying that:

> Were the rule such as insisted upon by defendant, a mortgagee, by splitting up his debt by assignment, could bid upon the land a sum less than its value, and the mortgagor could not redeem under the statute, without paying the whole of the mortgage debt. This would result in gross oppression and injustice to the mortgagor, and would operate so that his land would be sacrificed by a sale for less than its value. It can not be claimed, if a mortgage be given to more than one mortgagee, that they separately would have the right to redeem from the sale, or that the mortgagor in order to redeem must pay the whole debt. The case in no respect is different from that. Here there are in contemplation of law two mortgages the transfer of a part of the debt conferring upon one party the right of mortgagee. In enforcing their rights, so far as the mortgagor is concerned, they must be regarded as one. See same case, 73 Iowa, 446.

Plainly enough the decision is based on the theory that, as to the mortgagor, there was but one mortgage, and in fairness to him only one suit in foreclosure can be maintained thereon. In this action, however, there were two separate mortgages securing the payment of distinct debts, and on no tenable theory can the party executing these contend that foreclosing the one without the other involved the splitting up of causes of action or the oppression of the debtor. True, it may be necessary that the equities of the respective mortgages, because of being concurrent, finally must be adjusted, and this may embarrass him in the matter of redemption, but, having executed securities of this character, each distinct and assignable, and which when mature constitute separate causes of action, he is not in a situation to complain, and surely the plaintiff who acquired title as purchaser by virtue of sheriff's deed is in no better position. Either, if he so elects, may insist that the holder of the other mortgage

be made a party, and that such a decree be entered as shall protect the right of redemption. Not having done so, the assignee of the mortgage not foreclosed may insist upon his lien, though, as was held in *Van Aken v. Gleason*, 34 Mich. 477, a marshalling of assets may be necessary upon the enforcement of such lien by foreclosure. The defendant's note was not mature, and he was not bound to declare it due because of not having received interest thereon, and if so, then he was not required to join in the foreclosure proceedings had he known these had been commenced. Nothing was done by the assignee to mislead the plaintiff, nor was there any reference to the defendant's mortgage contained in the foreclosure proceedings. The owner of the land at that time doubtless might have compelled the Shaffer Bros. to have made the defendant a party to that action, but it did not do so, and this was known to plaintiff, as was the existence of the mortgage. He has title under two sheriff's deeds, one under execution sale on a judgment against the International Land Company and the other under foreclosure of the $2,000 mortgage, and we are of the opinion that his equities, though probably equal, are not superior to those of the defendant. The decree so declaring has our approval.—*Affirmed.*